**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2051**

YOU YANG LI, a/k/a You-Yang Li,

             Petitioner,

       v.

LORETTA E. LYNCH, Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 10, 2016          Decided:  March 17, 2016

Before WILKINSON, KING, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

You Yang Li, Petitioner Pro Se.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Terri Jane Scadron, Assistant Director, Kathryn L. DeAngelis, Richard Zanfardino, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

You Yang Li, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

To be eligible for asylum, Li must show that he has a well-founded fear of persecution on account of a protected ground if he returns to China. Hui Pan v. Holder, 737 F.3d 921, 927 (4th Cir. 2013). To meet this burden, Li must show that he suffered past persecution or that he has a well-founded fear of future persecution. Id. Establishing past persecution would entitle Li to a rebuttable presumption that he has a well-founded fear of persecution. Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011). Li can also show a well-founded fear of persecution independent of past persecution. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Li faces a higher burden of proof to establish that he is entitled to withholding of removal because he must show a clear probability of persecution on account of a protected ground. Djadjou, 662 F.3d at 272. If Li fails to

show he is eligible for asylum, he is also ineligible for withholding of removal.* Id.

We review the adverse credibility finding for substantial evidence. Ilunga v. Holder, 777 F.3d 199, 206 (4th Cir. 2015). An adverse credibility determination should be based on factors such as the plausibility of the applicant's account, the consistency between the applicant's written and oral statements, the internal consistency of each such statement, the consistency of such statements with other evidence, or any other relevant factor. 8 U.S.C. § 1158(b)(1)(B)(iii) (2012); Hui Pan, 737 F.3d at 928. A credibility determination may rest on any of these relevant factors, even if such factor does not "go[] to the heart of the applicant's claim." § 1158(b)(1)(B)(iii). "A single testimonial discrepancy, particularly when supported by other facts in the record, may be sufficient to find an applicant incredible in some circumstances." Ilunga, 777 F.3d at 207; see also Djadjou, 662 F.3d at 273-74 (observing that adverse credibility finding may be supported by only a few inconsistencies, omissions, or contradictions). We conclude that, in light of the discrepancies concerning Li's birthdate,

---

* Li does not challenge the denial of protection under the CAT in his pro se informal brief. He has therefore waived review. See 4th Cir. R. 34(b) (limiting review to issues raised in informal brief).

3

his failure to identify his sponsor or recall his New York address, and the inconsistent evidence regarding Li's detention, substantial evidence supports the adverse credibility finding. We also conclude that substantial evidence supports the finding that Li's corroborating evidence did not adequately rehabilitate his testimony or independently satisfy his burden of proof.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

4